**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LUKE LARONG HARRIS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 06-CR-20615
CIVIL CASE NO. 09-CV-14848

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO**
**VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 66)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the motion for free transcripts (Doc. 68) and the motion for due process (Doc. 74) be denied as moot.

**II.   REPORT**

    **A.   Introduction**

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington (Doc. 73), is the above-entitled first amended motion to vacate Petitioner Luke Larong Harris's federal custodial sentence, which was filed under 28 U.S.C. § 2255. (Doc. 66.)[1] Respondent submitted a response (Doc. 69) and Petitioner Harris (hereafter "Harris") did

---

[1] Petitioner filed a motion to increase downward departure on November 19, 2009 (Doc. 62), which was construed as a supplement to his § 2255 motion. (Doc. 73.) The government's response references this *nunc pro tunc* motion. (Doc. 69.) In addition, Petitioner filed a motion to increase downward departure (Doc. 62), which the court also construes as a supplement to Petitioner's § 2255 motion.

not file a reply. I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Harris was charged in a three-count indictment with violation of 18 U.S.C. § 371, conspiracy to commit bank robbery (Count I); violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2, armed bank robbery (Count II); and violation of 18 U.S.C. § 924(c)(1)(A)(iii), using a firearm during the commission of a crime of violence (Count III). (Doc. 11.) Pursuant to an amended plea agreement, Harris pleaded guilty to Counts II and III and Count I was dismissed. (Doc. 40, Amended Rule 11 Agreement.) The amended plea agreement provided that the government would recommend a reduction of three levels for acceptance of responsibility and because he assisted the authorities within the meaning of U.S.S.G. § 3E1.1(b). (Doc. 40 at 3.) The amended plea agreement also anticipated that the government would recommend that Harris be "sentenced to a term of imprisonment that is 30% below the sentence the court is otherwise inclined to give." (Doc. 40 at 9.) The amended plea agreement also stated that Harris "waive[d] any right to appeal his conviction" and retained only "his right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing." (Doc. 40 at 10.) Judgment was entered on October 10, 2007, sentencing Harris to 35 months' imprisonment on Count II and 84 months' imprisonment on Count III, to be served consecutively. (Doc. 48 at 2.)

Harris failed to file a direct appeal. On August 20, 2009, Harris filed a "Notice of Counsel's Failure to file a Notice of Appeal" that was dated August 16, 2009. (Doc. 57.) Harris did not indicate how he discovered that a Notice of Appeal had not been filed. On December 14, 2009, Harris filed the instant motion to vacate sentence under § 2255. (Doc. 66.)

Harris asserts that he is entitled to a direct appeal and that equitable tolling should apply because defense counsel was ineffective. (Doc. 66 at 4, 12.) Harris states that he requested that counsel file an appeal and counsel "assured Harris that he would file the NOA, and Harris would be put on a 'long' waiting list and the Sixth Circuit Court of Appeals would contact him as soon as his name was reached on the waiting list; and that it could take 'over' a year. So all this time Harris has essentially been waiting for an appeal that his counsel, Mr. Proschek knew would NEVER come!!!" (Doc. 66 at 12.)

The substantive issue mentioned in the § 2255 motion argues for an increased downward departure to 49.9%, since that figure represents an average of downward departure figures around the country. (Doc. 66 at 10; Doc. 62.) Harris also contends in a supplemental motion that he was "convicted and sentenced under both 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d), resulting in two concurrent terms of imprisonment of 35 months each. However, such duplicitous sentences, even though they are concurrent, are grossly violative of the double jeopardy clause." (Doc. 64 at 1.) Harris was given one sentence of 35 months for Count II, which charged a single violation of 18 U.S.C. § 2113(a) and (d). (Doc. 48 at 2.)[2]

Respondent contends that Harris cannot seek "correction" of his sentence because any such correction "must have occurred within the 7-day time limit imposed in Rule 35(a)." (Doc. 69 at 2.) In addition, Respondent argues that Harris has "failed to demonstrate an obvious error or mistake that would allow the court to grant relief." (Doc. 69 at 2-3.)

---

[2]Harris was also sentenced to an 85 month term, under Count III, for violation of 18 U.S.C. § 924(c) for use of a firearm during a crime of violence. (Doc. 48 at 2.)

3

### C. Governing Law

In order to prevail on a section 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant

must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### D.     Analysis and Conclusions

An ineffective assistance of counsel claim "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

Harris asserts that his counsel was ineffective because although Harris "specifically instructed his counsel, Eric Proschek, to file a Notice of Appeal (NOA) on his behalf [and although] Mr. Proschek agreed, [he] inexplicably failed in his obligatory duty under the Sixth Amendment to do so." (Doc. 66 at 4.)[3] The Supreme Court stated in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. The Court "h[e]ld that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance claim entitling him to an appeal" without any further showing. *Id.* at 484.

The Sixth Circuit has summarized that "[s]tripping *Flores-Ortega* to its rudiments, it becomes clear that there are two scenarios in which the two *Strickland* components can be satisfied in a single stroke: (1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not; and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed." *United States v. Lovell*, 83 Fed. App'x 754, 759 (6th Cir. 2003) (internal citation omitted). In the instant case, Harris asserts that he specifically instructed his attorney to file the notice of appeal, yet no appeal was filed. For purposes of this motion, I will assume that the assertion is true.

In addition, there is a limitation period applicable to the instant case. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214

---

[3]Although Harris also contends in a supplemental motion that he was convicted and sentenced under both 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d) in violation of the double jeopardy clause, I note that Harris was given one sentence of 35 months for Count II, which charged a single violation of 18 U.S.C. § 2113(a) and (d). (Doc. 48 at 2.) Harris was not sentenced twice for armed bank robbery and bank robbery under separate counts. The cases cited by Harris involve scenarios where separate sentences were imposed for armed bank robbery and the lesser included offense of bank robbery and, thus, are inapposite. (Doc. 64 at 1-2.)

(April 24, 1996), applies in this case because the petition was filed after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA contains a one-year statute of limitations for petitions seeking to vacate, set aside or correct federal sentences. 28 U.S.C. § 2255.[4] "Prior to this [enactment], a party could bring a § 2255 motion at any time." *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997). Pursuant to § 2255(1), the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 petitioner does not pursue a direct appeal to the court of appeals, his or her conviction becomes final on the date the time for filing such an appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002).

"[W]here a filing is untimely, such a *per se* violation [described in *Flores-Ortega*] does not exist." *Stearns v/ United States*, No. 04-50018, 2007 WL 3037746, at *5 (E.D. Mich. Oct. 17, 2007). In the instant case, Harris was sentenced and judgment was entered on October 10, 2007. (Doc. 48.) Since no appeal was filed, the conviction became final ten days later. 28

---

[4]28 U.S.C. § 2255 states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

U.S.C. § 2255(1); *Sanchez-Castellano*, 358 F.3d at 427.[5] Harris did not file the instant petition until December 14, 2009. (Doc. 66.) Therefore, the petition is untimely unless equitable tolling applies. A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Ineffective assistance of counsel does not apply in this context, because [petitioner] possessed no right to counsel in the prosecution of a § 2255 motion." *Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001).

In the instant case, Harris was sentenced and a judgment was entered on October 10, 2007. (Doc. 48.) On August 20, 2009, Harris filed a motion for ruling on government's motion for downward departure. (Doc. 56.) Harris also filed a writ of mandamus in the Sixth Circuit Court of Appeals that was dated August 31, 2009, and filed on September 3, 2009 (Court of Appeals #09-2129).[6] On November 5, 2009, the district court denied Harris's motion for ruling on the government's motion for downward departure, noting that the sentence imposed was 30% lower than the court was otherwise inclined to impose, as indicated in the Rule 11 agreement. (Doc. 61.) On November 25, 2009, the Sixth Circuit denied Harris's petition for writ of mandamus, noting that Harris failed to assert the issue of counsel's failure to file a notice of appeal in a § 2255 motion. (Doc. 63.) On December 14, 2009, Harris filed the instant motion to vacate sentence under § 2255.

---

[5]This period has recently been changed to 14 days but the 10 day period was applicable at the time of the events in this case. *See* FED. R. CRIM. APP. P. 4(b)(1).

[6]Since that time, Harris has filed several additional appellate cases, Nos. 09-2200, 10-1026, and 10-1027.

8

Harris "does not explain how his counsel's failure to file an appeal prevented him from filing the instant motion within the one-year limitation period." *Stearns*, 2007 WL 3037746, at *6; *accord Donawa v. United States*, No. 1:06-CV-518, 2007 WL 1063571, at *4 (W.D. Mich. Apr. 9, 2007). His mistaken belief that counsel had directly appealed his sentence "does not qualify [as diligence] because [petitioner] failed in his duty to monitor the status of his appeal." *Brown*, 20 Fed. App'x at 375. In addition, Harris does not explain why he "continued to believe that a criminal appeal was pending," or "how he 'learned' that his appeal was not pending," i.e., he "has simply not shown reasonable diligence to justify the lengthy equitable extension sought." *United States v. West*, No. 1:02-CR-228, 2005 WL 171134, at *4 (W.D. Mich. July 21, 2005). I further note that although Harris was at least aware of his attorney's failure on August 31, 2009, when he filed his petition for writ of mandamus in the Sixth Circuit, he did not file the instant § 2255 motion for an additional three months. I therefore suggest that Harris has not met the diligence prong of the *Pace* test.

Harris has also not demonstrated that an extraordinary circumstance prevented him from filing his § 2255 motion. Harris asserts that his attorney's failure to file the appeal caused him to wait for news from the Sixth Circuit before filing the § 2255 motion; however, "attorney error is an inadequate justification for equitable tolling in this circuit." *Martin v. Hurley*, 150 Fed. App'x 513, 516 (6th Cir. 2005). This is also true even where the petitioner claims he was unaware of the AEDPA's statute of limitations. *Id.* Thus, I further suggest that Harris cannot meet the extraordinary circumstance prong of the *Pace* test.

9

Having failed to meet the requirements delineated in *Pace*, I suggest that Harris is not entitled to equitable tolling that would excuse his failure to file his motion within the AEDPA's one-year limitations period. I therefore suggest that this untimely § 2255 motion be denied.[7] I further suggest that the motion for free transcripts (Doc. 68) and motion for due process (Doc. 74) be denied as moot.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not

---

[7] If the Court were to find that Harris is entitled to equitable tolling and were to excuse the untimeliness of the petition, I would suggest that the court forego an evidentiary hearing, vacate the judgment of sentence, reimpose an identical sentence in an amended judgment, and notify the petitioner of the requirement to file a notice of appeal in accordance with FED. R. APP. P. 4(b)(1)(A). *See Reeves v. United States*, No. 1:06-CR-291-01, 2009 WL 2488037, at *5-6 (W.D. Mich. Aug. 13, 2009).

preserve all the objections a party may have to this Report and Recommendation.

*McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.


                                                  s/ Charles E Binder
                                                  CHARLES E. BINDER
Dated: February 3, 2010                  United States Magistrate Judge


## CERTIFICATION

     I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Luke Larong Harris # 40768-039, FCI Yazoo City Medium, P.O. Box 5888, Yazoo City, MS 39194-5888.

Date:  February 3, 2010                By:  s/Patricia T. Morris
                                                      Law Clerk to Magistrate Judge Binder