UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LUKE LARONG HARRIS,

        Petitioner,

                                              Case Number 06-20615-BC
v.                                         Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER SUSTAINING GOVERNMENT'S OBJECTIONS, REJECTING IN PART REPORT AND RECOMMENDATION, HOLDING IN ABEYANCE IN PART REPORT AND RECOMMENDATION, AND DIRECTING SUPPLEMENTAL BRIEFING**

On October 2, 2007, this Court held a sentencing hearing as to Petitioner Luke Larong Harris; and on October 7, 2007, this Court entered a criminal judgment against Petitioner. Now before the Court is a report and recommendation [Dkt. # 79] issued on February 3, 2010, by Magistrate Judge Charles E. Binder addressing three motions filed by Petitioner. First, the report addresses Petitioner's pro se "motion to vacate sentence under 28 U.S.C. § 2255" [Dkt. # 66], filed on or about December 14, 2009. The sole claim raised in the motion is that Petitioner received ineffective assistance of counsel because trial counsel failed to file a notice of appeal, despite being directed by Petitioner to do so.

Second, the report addresses Petitioner's "nunc pro tunc motion" [Dkt. # 64], filed on or about December 1, 2009. Given the fact that Petitioner contends in this motion that the sentence imposed violates the Double Jeopardy Clause of the U.S. Constitution and should be vacated, the Court construed the motion as a supplement to Petitioner's § 2255 motion. *See* [Dkt. # 73]. Third, and finally, the report addresses Petitioner's "motion for free transcripts" [Dkt. # 68] in relation to

his § 2255 motion, filed on or about December 21, 2009.

Judge Binder recommends that the Court deny Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, as supplemented by his "nunc pro tunc" motion, because Petitioner filed his motion after expiration of the one-year statutory period of limitations. Judge Binder explained that a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citations omitted). Judge Binder concluded that Petitioner did not meet these requirements, primarily based on Petitioner's "duty to monitor the status of his appeal." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001). In light of the conclusion that the § 2255 motion should be denied as untimely, Judge Binder recommends that Petitioner's motion for free transcripts be denied as moot.

On March 10, 2010, the government filed objections [Dkt. # 86] to the report and recommendation. Petitioner did not respond to the government's objections. The government's objections will be sustained, and the pertinent portion of the report and recommendation will be rejected based on the following: The report and recommendation notes that the government filed a response to Petitioner's § 2255 motion at Docket No. 69. The government did not in fact file a response to Petitioner's § 2255 motion, nor was it directed to do so. The document filed at Docket No. 69 is actually a response to a separately filed motion, entitled "motion to increase downward departure" [Dkt. # 62], which was resolved in a prior order dated January 14, 2010. *See* [Dkt. # 73]. In addition, the report and recommendation briefly addresses Petitioner's motion for due process [Dkt. # 74], filed January 21, 2010, which was not referred to Judge Binder for determination. To the extent that the report and recommendation purports to address the motion to increase downward

departure, the government's response to that motion, and the motion for due process, the report and recommendation is rejected.

In addition, on or about April 1, 2010, Petitioner filed objections [Dkt. # 90] to the report and recommendation. The same day, Petitioner also filed a motion for an evidentiary hearing [Dkt. # 91]. The government did not file responses. Petitioner asserts that his "well documented mental impairment qualifies as, and is patently demonstrative of an 'extraordinary circumstance' that effectively prevented him from both diligently monitoring the progress of his requested appeal; and from filing a § 2255 petition." In particular, Petitioner attached to his motion for an evidentiary hearing a two-page excerpt from a presentence investigation report prepared June 12, 2007. Petitioner highlights that as of 2001, he was diagnosed as having "schizophrenic disorder, paranoid type, chronic, childhood onset."

Significantly, "mental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted). "Illness - mental or physical - tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005); *McSwain*, 287 F. App'x at 456 ("[T]he petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition."). In other words, a petitioner must "establish a causal connection between her mental condition and her ability to file a timely petition." *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (per curiam). To be entitled to an evidentiary hearing on the issue, a petitioner must advance factual allegations, which, "if true, would show that her mental illness prevented her from timely filing her habeas petition." *McSwain*, 287 F. App'x at 458.

At this juncture, the limited factual allegations advanced by Petitioner from the presentence investigation report do not justify an evidentiary hearing. The general fact that Petitioner was diagnosed with a mental illness in 2001 does not sufficiently explain why Petitioner did not file his § 2255 motion at any time after his conviction became final in October 2007 until December 14, 2009. Petitioner has not demonstrated the necessary "causal connection" to justify equitable tolling. However, to fully and adequately address the issue, the parties will be provided with an opportunity to file supplemental briefing. In particular, Petitioner should identify all of the facts and documentation that he believes substantiate his allegations of mental illness and that the mental illness prevented him from timely filing his § 2255 motion. The government will be permitted to respond.

Accordingly, it is **ORDERED** that the government's objections to the report and recommendation [Dkt. # 86] are **SUSTAINED**.

It is further **ORDERED** that the report and recommendation [Dkt. # 79] is **REJECTED IN PART** and **HELD IN ABEYANCE IN PART**.

It is further **ORDERED** that Petitioner is **DIRECTED** to file his supplemental brief and any related documentation on or before **June 21, 2010**. The government is **DIRECTED** to file a response on or before **July 12, 2010**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 21, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2010.

        s/Tracy A. Jacobs
        TRACY A. JACOBS